C. Renée Manes
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
(503) 326-2123 Telephone
(503) 326-5524 Facsimile
Renee_Manes@fd.org

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JESSE CLARENCE PRATT, | CV No. 06-01247-HO |
| Petitioner, | STIPULATION FOR DISMISSAL WITHOUT PREJUDICE |
| v. | and |
| BRIAN BELLEQUE, Superintendent, Oregon State Penitentiary, | [~~Proposed~~] ORDER ON STIPULATION |
| Respondent. | |

      Jesse Clarence Pratt, through counsel C. Renée Manes, and Respondent Brian Belleque (as Warden), through counsel Timothy Sylwester, hereby submit this stipulation for dismissal of this matter.

<u>Stipulations</u>:

      1.    On August 30, 2006, Mr. Pratt, through counsel, filed a Notice of Intent to file Capital Habeas Petition pursuant to Local Rule 83.3, with this Court. That Notice asked this Court to appoint counsel to begin preparation of a capital habeas petition to be filed on Mr. Pratt's behalf,

challenging his conviction and death sentence imposed in *State v. Pratt*, Klamath Circuit Court Case No. 86-00328 CR.

2. Prior to filing the Notice of Intent, Mr. Pratt had pursued a direct appeal from his conviction and sentence, which was affirmed in *State v. Pratt*, 316 Or 561, 853 P2d 827 (1993). In addition, Mr. Pratt had pursued an initial petition for post-conviction relief before the Oregon state courts, which was filed in *Pratt v. Armenakis*, Marion County Circuit Court Case No. 93C-13559. That initial post-conviction petition was denied effective May 24, 2006.

3. Also prior to the filing of the Notice of Intent, and on or about July 5, 2006, counsel for Mr. Pratt had filed a second petition for post-conviction relief in *Pratt v. Belleque*, Marion County Circuit Court Case No. 06C16069. This second petition raises the issues about the propriety of Mr. Pratt's death sentence in light of evidence indicating that he is mentally retarded, and is based on the Supreme Court decision in *Atkins v. Virginia*, 536 U.S. 304 (2002) (hereinafter referred to as "the *Atkins* petition").

4. It was not clear at the time of filing the Notice of Intent if the *Atkins* petition would be deemed successive, and denied on that procedural basis by the state courts, or would be deemed properly filed and allowed to proceed to a resolution on the merits. The Notice of Intent was filed in this matter to ensure that, in the event the *Atkins* petition was deemed successive and denied on that basis, counsel for Mr. Pratt could complete and file a capital habeas petition in federal court within the time period established by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d).

5. The *Atkins* petition has not been deemed successive, but instead has been deemed properly filed and is being referred for a hearing on the merits.

6. The Respondent has agreed that the AEDPA statute of limitations has not run during the pendency of the *Atkins* petition, and is instead tolled pursuant to 28 U.S.C.§ 2244(d)(2).

7. The parties have agreed that any petition filed by counsel for Mr. Pratt will be deemed timely if it is filed within 294 days from the issuance of the appellate judgment in the appeal (if any) of the resolution of the *Atkins* petition, currently pending in Marion County Circuit Court Case No. 06C16069.

8. It is no longer necessary to maintain this action to protect Mr. Pratt's ability to file a timely federal capital habeas petition pursuant to 28 U.S.C. § 2254. Instead, counsel for Mr. Pratt will, if necessary, refile a Notice of Intent to file Capital Habeas Petition pursuant to Local Rule 83.3, with this Court, after conclusion of the litigation on the *Atkins* petition and issuance of the appellate judgment.

**Wherefore:**

The parties stipulate and agree that this matter may be dismissed.

/s/ C. Renée Manes
C. Renée Manes
Counsel for Petitioner
Date: 03/06/08

/s/ Timothy Sylwester
Timothy Sylwester
Counsel for Respondent
Date: 03/06/08

### ORDER ON STIPULATION

After having reviewed the stipulation of the parties, and based on the agreements made therein,

IT IS HEREBY ORDERED that this matter is dismissed without prejudice.

_____
Michael R. Hogan
United States District Judge
Date: 3/11/08

Page 3                          STIPULATION AND ORDER FOR DISMISSAL WITHOUT PREJUDICE